743 N.W.2d 655 (2007)
16 Neb. App. 257
STATE of Nebraska, Appellee
v.
Chad A. BRAUER, Appellant.
No. A-07-256.
Court of Appeals of Nebraska.
December 18, 2007.
*656 James D. McFarland, of McFarland Law Office, for appellant.
Jon Bruning, Attorney General, and George R. Love, Columbus, for appellee.
INBODY, Chief Judge, and IRWIN and MOORE, Judges.
IRWIN, Judge.

I. INTRODUCTION
Chad A. Brauer appeals an order of the district court which affirmed the county court's conviction and sentencing of Brauer on a charge of second-offense driving under the influence of alcohol (DUI). On appeal, Brauer asserts that the district court erred in denying Brauer's motion for reconsideration and rehearing, in which *657 Brauer asserted that the county court had entered an ambiguous judgment by finding Brauer guilty of DUI or operating a motor vehicle with an impermissible blood alcohol concentration. Additionally, Brauer asserts that the district court erred in affirming the county court's orders denying Brauer's motions in limine and for suppression of statements and that the district court erred in affirming Brauer's conviction. We find that based on the entire record, it is clear that in its judgment, the county court found Brauer guilty of both DUI and operating a motor vehicle with an impermissible blood alcohol concentration. Additionally, we find no merit to Brauer's assertions concerning his pretrial motions and we find that there was sufficient evidence to support Brauer's conviction. We affirm.

II. BACKGROUND
On October 24, 2004, Trooper Jarrod Connelly was on patrol when he observed a vehicle driven by Brauer exceeding the speed limit. Trooper Connelly stopped the vehicle and made contact with Brauer and the vehicle's other two occupants. According to Trooper Connelly, he detected an odor of alcohol coming from inside the vehicle. Trooper Connelly asked Brauer if he had consumed any alcohol, and Brauer replied, "`[A] couple.'" Trooper Connelly then asked Brauer to step back to the patrol car "so [he] could ... isolate the odor" of alcohol.
Brauer sat in the passenger seat of Trooper Connelly's patrol car, and Trooper Connelly detected an odor of alcohol on Brauer's breath. Trooper Connelly observed that Brauer's eyes were bloodshot and watery. Trooper Connelly asked Brauer again if he had consumed alcohol, and Brauer replied that he had consumed "`four beers.'" Trooper Connelly administered a number of field sobriety tests, during which Brauer displayed signs of impairment. Trooper Connelly then administered a preliminary breath test, the result of which was "above ... the legal limit."
Based on his observations and experience, Trooper Connelly believed that Brauer was under the influence of alcohol. As a result, Trooper Connelly placed Brauer under arrest. Trooper Connelly transported Brauer to a hospital where his blood was drawn for a blood alcohol concentration test.
On November 9, 2004, the State filed a complaint in county court charging Brauer with DUI or with operating a motor vehicle when his blood alcohol content was .08 grams of alcohol or more per 100 milliliters of blood, pursuant to Neb.Rev.Stat. § 60-6,196 (Reissue 2004). The State alleged that this was a second offense. On November 12, Brauer entered a plea of not guilty.
On February 23, 2005, Brauer filed a motion in limine to exclude from trial the result of the preliminary breath test. At trial, the county court ruled that the preliminary breath test result was admissible solely for the purpose of determining whether Trooper Connelly had probable cause to arrest Brauer.
On March 23, 2005, Brauer filed a motion to suppress the statements he made to Trooper Connelly indicating that he had consumed four beers prior to driving. On May 6, the county court entered an order overruling the motion to suppress.
On November 2, 2005, Brauer filed a motion in limine to exclude from trial the result of the blood test. Brauer argued at the hearing on the motion that the sample was not properly refrigerated after testing to allow him to independently test it. On January 18, 2006, the county court entered an order overruling this motion in limine.
*658 On May 26, 2006, a bench trial was held. On May 31, the county court entered an order finding Brauer guilty. The county court's order specifically held that Brauer was guilty of operating a motor vehicle "while under the influence of alcoholic liquor or while he had a concentration of eight-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his blood." (Emphasis supplied.) On August 31, the county court entered an order sentencing Brauer.
On September 14, 2006, Brauer filed a notice of appeal to the district court. On February 5, 2007, the district court entered an order reversing in part and affirming in part. The district court held that the county court erred in admitting the result of the blood test and, accordingly, in finding Brauer guilty of operating a motor vehicle while having an impermissible blood alcohol content. However, the district court held that there was sufficient evidence to sustain Brauer's conviction on the basis of Brauer's being under the influence of alcohol.
On February 16, 2007, Brauer filed a motion for reconsideration and rehearing, asserting that the county court's judgment had been ambiguous. On March 6, the district court pronounced a ruling on the motion, but did not enter a written, signed, and file-stamped order. Also on March 6, Brauer filed his notice of appeal. On April 9, the district court entered a written, signed, and file-stamped order overruling the motion for reconsideration and rehearing. Although the motion for reconsideration and rehearing was not a proper motion to be filed in this case where the district court was sitting as an intermediate court of appeals, see Goodman v. City of Omaha, 274 Neb. 539, 742 N.W.2d 26 (2007), Brauer's appeal was timely because it was filed within 30 days of entry of the district court's final order on February 5.

III. ASSIGNMENTS OF ERROR
Brauer has assigned three errors on appeal: (1) The district court erred in denying Brauer's motion for reconsideration and rehearing, in which Brauer asserted that the county court had entered an ambiguous judgment by finding Brauer guilty of DUI or operating a motor vehicle with an impermissible blood alcohol concentration; (2) the district court erred in affirming the county court's orders denying Brauer's motions in limine and for suppression of statements; and (3) the district court erred in affirming Brauer's conviction.

IV. ANALYSIS

1. AMBIGUOUS COUNTY COURT JUDGMENT
[1] First, Brauer argues that the county court's use of the word "or" in the judgment convicting Brauer rendered the verdict ambiguous because it is not clear whether the county court intended to find Brauer guilty of (1) DUI or (2) driving while having an impermissible concentration of alcohol in his blood. We conclude, based on the entire record, that Brauer was charged and tried on alternate theories, the evidence received by the county court supported a conviction on both theories, and the county court's order, despite its use of the word "or," was a finding of guilt on both theories.
[2-5] Resolution of this issue requires us to ascertain the meaning of the county court's judgment. In other contexts, it has been recognized that the meaning of a judgment is determined, as a matter of law, by its contents. Davis v. Crete Carrier Corp., 15 Neb.App. 241, 725 N.W.2d 562 (2006); In re Interest of Teela H., 3 Neb. App. 604, 529 N.W.2d 134 (1995). Unless *659 the language used in a judgment is ambiguous, "`the effect of the decree must be declared in the light of the literal meaning of the language used.'" In re Interest of Teela H., 3 Neb.App. at 609, 529 N.W.2d at 138, quoting Bokelman v. Bokelman, 202 Neb. 17, 272 N.W.2d 916 (1979). See Label Concepts v. Westendorf Plastics, 247 Neb. 560, 528 N.W.2d 335 (1995). If the language of a judgment is ambiguous, there is room for construction. Id.; Davis v. Crete Carrier Corp., supra. A judgment is ambiguous if a word, phrase, or provision has at least two reasonable but conflicting meanings. Davis v. Crete Carrier Corp., supra. In ascertaining the meaning of an ambiguous judgment, resort may be had to the entire record. Id.
[6] The above propositions are in many ways similar to the existing framework that guides our resolution of issues where a court sentencing a criminal defendant has pronounced an ambiguous sentence. In that context, it has been held that if it is unclear what the trial court intended in imposing a sentence because of a discrepancy between the oral pronouncement of sentence and the written judgment imposing sentence, that ambiguity can be resolved by relying on the oral pronouncement of sentence. See State v. Temple, 230 Neb. 624, 432 N.W.2d 818 (1988). On the other hand, if an oral pronouncement of sentence is invalid but the written judgment imposing sentence is valid, the written judgment is looked to and considered controlling. See State v. Sorenson, 247 Neb. 567, 529 N.W.2d 42 (1995). We have also held that where there is an ambiguity in the judgment indicating that a finding of guilt was based on a plea of guilty where the record demonstrates that there was a trial and the finding of guilt was based on the evidence adduced thereon, we look to the record and presume that a plea of not guilty was entered prior to or at trial. See State v. Erb, 6 Neb.App. 672, 576 N.W.2d 839 (1998).
In the present case, Brauer was charged in county court by a complaint that alleged Brauer was guilty of operating a motor vehicle "while under the influence of alcoholic liquor ... or while he had" an impermissible concentration of alcohol in his blood. (Emphasis supplied.) The language of the complaint is based on the language of § 60-6,196(1), which provides three separate grounds for finding that a defendant is guilty of DUI. A review of the record demonstrates that the State adduced evidence to prove DUI under both theories alleged in the complaint: The arresting officer, Trooper Connelly, presented testimony about his observations of Brauer, Brauer's performance on field sobriety tests, and his opinion that Brauer was under the influence of alcohol, and a technologist from a medical laboratory presented testimony that she ran a blood alcohol concentration test on a sample of Brauer's blood and that the blood alcohol content was .16 grams of alcohol per 100 milliliters of his blood.
Although the district court subsequently found that the county court erred in receiving the blood alcohol test result  an issue that has not been presented for our review  at the conclusion of the trial, the State had adduced sufficient evidence to support a conviction under both theories of guilt presented by the State. First, as noted below, there was sufficient evidence to support a finding that Brauer had been operating a motor vehicle "while under the influence" of alcohol. Second, although basing its case under the alternate theory on inadmissible evidence, the State had adduced evidence to support a finding that Brauer had been driving while having an impermissible concentration of alcohol in his blood. Based upon that record, the *660 county court entered the judgment at issue.
The county court's judgment essentially mirrors the language set forth in the State's complaint. The judgment indicates that the court was finding Brauer "guilty of operating and being in actual physical control of a motor vehicle while under the influence of alcoholic liquor or while he had" an impermissible concentration of alcohol in his blood. The court also specifically indicated, in ruling that there was probable cause to arrest Brauer, that it had found Trooper Connelly's testimony to be "credible, consistent with previous testimony and ... supported by the visual evidence in [a videotape of the stop]."
Based on the entire record, we conclude that the county court's judgment was a finding that the State had adduced sufficient evidence to support a conviction under both theories of guilt. As such, we find no merit to Brauer's assertion that the case should be remanded for entry of a new judgment.

2. PRETRIAL MOTIONS
Brauer also argues that the district court erred in upholding the county court's rulings on several of Brauer's pretrial motions. Specifically, prior to trial, Brauer moved in limine to prevent the State from adducing evidence of the preliminary breath test result and moved to suppress statements that he made prior to being arrested and without Miranda warnings. We find that the county court properly received the preliminary breath test result only on the issue of whether there was probable cause to arrest Brauer. We also find that the court properly overruled Brauer's motion to suppress, because he was not in custody at the time of the statements and therefore was not entitled to Miranda warnings.
[7] First, Brauer argues in his brief that he objected to the State's questioning of Trooper Connelly concerning whether the preliminary breath test result was above or below the legal limit and that the county court erred in admitting "such evidence... as part of the evidence upon which the trial court apparently relied in finding [Brauer] guilty of [DUI]." Brief for appellant at 13. The record indicates, however, that the court did not receive the result as substantive evidence of Brauer's guilt or innocence. Rather, when Brauer objected, the court inquired of the State why the evidence was being offered and the State responded that it was being offered only on the issue of probable cause to arrest Brauer. The court specifically indicated that the result was being received only for purposes of the arrest. As such, there is no merit to Brauer's assertion that the preliminary breath test result was improperly received, as the court received the result solely on the issue of probable cause.
[8] Second, Brauer asserts that the county court erred in denying his motion to suppress statements, because, according to Brauer, the roadside detention of Brauer became a custodial interrogation requiring Miranda warnings. We conclude that Trooper Connelly's questioning of Brauer in the present case constituted on-the-scene questioning and investigation, not custodial interrogation, and that Miranda warnings were therefore not required.
In Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the U.S. Supreme Court established procedural safeguards to protect a citizen's right against self-incrimination. However, the Miranda decision distinguished preliminary investigation from custodial interrogation. Miranda applies only to interrogations initiated by law officers after a *661 person has been taken into custody or deprived of his freedom in any significant way. State v. Holman, 221 Neb. 730, 380 N.W.2d 304 (1986). "`The Miranda procedures. . . were not meant to preclude law enforcement personnel from performing their traditional investigatory functions such as general on-the-scene questioning. . . .'" Id. at 736, 380 N.W.2d at 309, quoting State v. Bennett, 204 Neb. 28, 281 N.W.2d 216 (1979). Thus, "`In on-the-scene investigations the police may interview any person not in custody and not subject to coercion for the purpose of determining whether a crime has been committed and who committed it.'" State v. Holman, 221 Neb. at 736, 380 N.W.2d at 309, quoting State v. Dubany, 184 Neb. 337, 167 N.W.2d 556 (1969).
[9, 10] Upon stopping a vehicle for a traffic violation, it is lawful to detain the driver while checking the registration and the license of the driver. State v. Holman, supra. Roadside questioning of a driver detained pursuant to a routine traffic stop does not constitute custodial interrogation for purposes of Miranda. State v. Holman, supra. Instead, there must be some further action or treatment by the police to render a driver in custody and entitled to Miranda warnings. State v. Holman, supra.
In State v. Holman, the defendant was initially stopped for a traffic violation. Upon approaching the defendant's vehicle to investigate the traffic stop, an officer noticed that the vehicle's trunk lid was up and that there were four new, large tires stacked in the trunk. The officer asked the defendant questions about the tires, unrelated to the initial traffic stop, and placed the defendant in the back seat of his cruiser while he ran a driver's history check, a warrants check, and a registration check. Prior to trial, the defendant sought to suppress testimony concerning her answers and silence in response to the officer's questions about the tires and argued that she had been placed in custody and not given Miranda warnings. The Nebraska Supreme Court held that there was no custodial interrogation and that the officer's actions amounted to on-the-scene investigation and questioning and did not require Miranda warnings.
In the present case, Brauer was initially stopped for a traffic violation. Upon contact with Brauer, Trooper Connelly detected an odor of alcohol, and Brauer acknowledged having been drinking. Trooper Connelly placed Brauer in the cruiser to conduct on-the-scene investigation and questioning, based on his reasonable, articulable suspicion that Brauer might have been driving while intoxicated. We conclude that the county court did not err in denying Brauer's motion to suppress his statements. This assigned error is without merit.

3. SUFFICIENCY OF EVIDENCE
Finally, Brauer argues that the evidence adduced at trial was insufficient to support his conviction. Brauer's argument in this regard appears to depend heavily on the assertions of error discussed above, that the county court's order was ambiguous and that the county court erred in allowing evidence of the preliminary breath test result and in denying his motion to suppress statements. In addition to finding no merit to those assertions, we also find that there was sufficient evidence to support a conviction for DUI.
A violation of § 60-6,196 is one offense which can be proven in more than one way. State v. Baue, 258 Neb. 968, 607 N.W.2d 191 (2000). Section 60-6,196 provides that a person may be guilty of DUI if the evidence establishes that the person operated a motor vehicle while under the influence of alcohol or while having an impermissible blood or breath alcohol content. *662 After sufficient foundation is laid, a law enforcement officer may testify that in his or her opinion, a defendant was driving while intoxicated. State v. Baue, supra.
In this case, as noted above, Trooper Connelly, after sufficient foundation was laid concerning his background and experience, testified concerning his observations of Brauer. Trooper Connelly testified that there was an odor of alcohol on Brauer's breath, that Brauer's eyes were bloodshot and watery, and that Brauer demonstrated signs of intoxication during field sobriety tests. In addition, Brauer acknowledged consuming four beers prior to driving. This evidence, viewed in a light most favorable to the State, is sufficient to support a finding that Brauer was driving while intoxicated. This assignment of error is without merit.

V. CONCLUSION
We find no merit to Brauer's assignments of error on appeal. We find, when considering the entire record, that the county court's judgment was a judgment of guilt on both theories of DUI advanced in the State's complaint. We find no error concerning the county court's denial of Brauer's pretrial motions, and we find the evidence was sufficient to support the conviction. As such, we affirm.
AFFIRMED.