IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. HOWARD


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

ERNEST L. HOWARD, APPELLANT.


Filed May 22, 2018.    No. A-17-1013.


Appeal from the District Court for Seward County: JAMES C. STECKER, Judge. Affirmed.

Tina M. Marroquin, Seward County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.


MOORE, Chief Judge, and RIEDMANN and BISHOP, Judges.

MOORE, Chief Judge.

### INTRODUCTION

Ernest L. Howard was convicted in the district court for Seward County of possession of a controlled substance. The district court orally imposed a sentence, but imposed a different sentence in its written order. Since the orally pronounced sentence was invalid and of no effect, the court had the authority to impose any sentence which could have been validly imposed in the first place. Because the sentence subsequently imposed in the court's written order was valid, we affirm.

### BACKGROUND

On April 10, 2017, Howard was charged by information with possession of a controlled substance, a Class IV felony. He thereafter pled guilty to the charge. At the sentencing hearing held September 1, the district court orally pronounced a sentence of 6 months' imprisonment followed by 6 months' postrelease supervision. However, in its written order entered the same day, the court sentenced Howard to 6 months' imprisonment followed by 12 months' postrelease

supervision. Howard was granted 170 days' credit for time previously served. On September 8, Howard filed a motion for order nunc pro tunc, pointing out the discrepancy and asking for an order correcting the sentence to impose a term of 6 months' postrelease supervision. The motion recited that the Deputy Seward County Attorney indicated no objection to an order correcting the sentence as requested. However, the motion was not scheduled to be heard by the court until October 2 and Howard filed his notice of appeal on September 21.

ASSIGNMENTS OF ERROR

As restated, Howard assigns that the district court erred by changing the postrelease supervision portion of his sentence from its oral pronouncement of 6 months' postrelease supervision to its written order of 12 months' postrelease supervision.

STANDARD OF REVIEW

This appeal presents a question of law. When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below. *State v. McCurry*, 296 Neb. 40, 891 N.W.2d 663 (2017); *State v. Minnick*, 22 Neb. App. 907, 865 N.W.2d 117 (2015).

ANALYSIS

Howard argues that the court erred in changing the period of postrelease supervision in its written order and that the oral pronouncement should control. When a sentence orally pronounced at the sentencing hearing differs from a later written sentence, the former prevails. *State v. Olbricht*, 294 Neb. 974, 885 N.W.2d 699 (2016); *State v. Sims*, 277 Neb. 192, 761 N.W.2d 527 (2009). Howard asks that we set aside the written sentencing order and impose the sentence as first pronounced at the sentencing hearing.

The State, in its brief on appeal, argues that the oral pronouncement was invalid and that consequently, the written sentencing order is valid. Howard was convicted of a Class IV felony which occurred on March 16, 2017. Therefore, the sentencing provisions of Neb. Rev. Stat. § 28-105 (Supp. 2017) apply to his conviction. For a Class IV felony, the statute provides for a maximum sentence of 2 years' imprisonment and 12 months' postrelease supervision or $10,000 fine, or both. There is no minimum sentence for imprisonment, however if imprisonment is imposed there is a minimum of 9 months' postrelease supervision.

Here, the district court did impose a sentence of imprisonment and therefore the minimum period of postrelease supervision allowed by law is 9 months. The State argues that the district court's oral pronouncement of 6 months' postrelease supervision rendered the sentence invalid. The State contends that because the written order was not modifying a validly pronounced oral sentence, the proposition set forth above from *State v. Olbricht, supra*, is inapplicable. Rather, the State suggests that since the oral sentence was invalid, it is of no effect and the district court could impose any sentence which could have been validly imposed in the first place, citing *State v. Minnick, supra*. See, also, *State v. Sorenson*, 247 Neb. 567, 529 N.W.2d 42 (1995) (ambiguous oral pronouncement of whether sentences were imposed consecutively or concurrently was invalid but validity was cured by court's written journal notation correctly setting forth consecutive sentences as required by relevant statute); *State v. Brauer*, 16 Neb. App. 257, 743 N.W.2d 655

(2007) (if oral pronouncement of sentence invalid but written judgment imposing sentence valid, written judgment considered controlling). We agree. The district court's oral pronouncement of sentence was not valid under § 28-105. The district court's written order of sentence is a valid sentence and is controlling.

Accordingly, we affirm the written order of sentence, imposing 6 months' imprisonment, followed by 12 months' postrelease supervision.

## CONCLUSION

Because the original oral sentence was invalid, the district court did not err in imposing a new valid sentence in its written order. Accordingly, we affirm Howard's conviction and sentence.

AFFIRMED.