*561 At the plea hearing, the State set forth the factual basis as follows:
[B]etween December 1st of 2016, and January 31st of 2017, DeArch Stubblefield was prostituting out an individual by the name of E.L., [born in June 2001]. E.L. stated that between December 1st, 2016, and January 31st, 2017, ... Stubblefield and her were picked up by a male party later identified as ... Gibson. That male then drove them to his house ... in Sarpy County, Nebraska.
....
[T]here all three parties involved engaged in intercourse, which happened on the couch. During this meeting, money was exchanged after the sexual intercourse. The intercourse would include sexual penetration or penile penetration of ... Gibson of E.L.
E.L. was later, during an investigation, shown a photo lineup and identified the Defendant, ... Gibson. ... Gibson was later interviewed and he further admitted to having sexual intercourse with E.L. on the couch at [this location].
Based upon the above factual basis and a finding that the plea was made knowingly, intelligently, and voluntarily, the court accepted the plea and found Gibson guilty of attempted first degree sexual assault of a child. Gibson agreed to the plea despite being incorrectly advised by the district court that a Class II felony carried a maximum minimum sentence of 1 year's incarceration. A presentence investigation (PSI) was ordered.
The PSI revealed that the present offense was Gibson's first criminal activity for which he was charged. All testing and assessments placed him in the low risk to reoffend category. He had been a member of the U.S. Air Force for 16 years, receiving commendable reviews and numerous honors. Upon contact from the police, he immediately admitted his acts, although he continually denied that he was aware of *562 the victim's true age, claiming that both she and Stubblefield admitted to misrepresenting her age.
According to the PSI, Gibson became involved in this incident by responding to a "Craigslist" posting that advertised an opportunity to join two other people for a sexual encounter. Gibson admitted that he made all arrangements through Dearch Stubblefield, the individual who posted the advertisement, and that he paid Stubblefield $40 after the sexual encounter. Gibson's description of the encounter discloses that after arriving at Gibson's house, Stubblefield directed E.L. to take off her clothes and that E.L. did not engage in any discussion with Gibson during the encounter. The PSI also includes a "Memorandum" authored by Gibson and directed to the sentencing court. In it, Gibson points out that he was misled by both Stubblefield and E.L. as to their ages and he describes what he has lost as a result of this incident, but mentions nowhere the effects on the victim, E.L.
*165 At the sentencing hearing, the court stated:
I can hope that the system does what it is designed to do, and in my reading of the [PSI], it indicates to me that ... Stubblefield has, in large part, the majority of the responsibility, from the materials I've received. And my hope is that [E.L.] is given some sort of justice in that sentence, most significantly.
The court proceeded to sentence Gibson, stating:
There is [sic] a number of issues that I believe your attorney has addressed that qualifies mitigating circumstances in your circumstance in this case. I also agree that there is an element of punishment as well for your choice in this matter. I do think that you have accepted responsibility. I think you appreciate the seriousness of your actions, although most probably because you've now suffered consequences that were not contemplated at the time that you made this choice.
The court concluded, "[I]t's going to be the order and judgment of the Court that you serve a term of incarceration at the *563 Sarpy County Jail for 180 days. There will be a term of probation for five years to be served upon completion of that jail time." A written "Order of Probation (Jail confinement)" was entered the same day, sentencing Gibson to 5 years of "[t]raditional" supervised probation, subject to numerous conditions, including a 180-day term in the Sarpy County jail. Gibson was also ordered to comply with the Sex Offender Registration Act. The State timely filed this appeal.
ASSIGNMENTS OF ERROR
The State assigns that the sentence imposed was excessively lenient because the district court (1) failed to appropriately apply Neb. Rev. Stat. § 29-2322 (Reissue 2016) and (2) based its sentence upon improper, impermissible, and nonrelevant considerations.
STANDARD OF REVIEW
When reviewing a sentence within the statutory limits, whether for leniency or excessiveness, an appellate court reviews for an abuse of discretion. State v. Parminter , 283 Neb. 754, 811 N.W.2d 694 (2012). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. Id .
ANALYSIS
Before addressing the merits of the State's appeal, we address two separate issues: the sentence actually imposed and the appropriate statutory provisions to be considered.
Sentence Imposed.
Pursuant to a plea agreement, Gibson was convicted of attempted first degree sexual assault of a child, a Class II felony. See Neb. Rev. Stat. § 28-201 (Supp. 2017) and § 28-319.01(1). In its oral pronouncement at sentencing, the court sentenced Gibson to 180 days in jail, to be followed by *564 5 years of probation. However, Class II felonies are punishable by 1 to 50 years' imprisonment. Neb. Rev. Stat. § 28-105 (Supp. 2017). Therefore, if the court intended to sentence Gibson to incarceration, it was plain error to do so for less than 1 year, nor could it sentence him to incarceration and impose a subsequent term of probation. See Neb. Rev. Stat. § 29-2260 (Reissue 2016) (allowing court to impose period of probation in lieu of incarceration in certain situations).
Plain error may be found on appeal when an error unasserted or uncomplained *166 of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. State v. Vanness , 300 Neb. 159, 912 N.W.2d 736 (2018). Because the sentence pronounced was statutorily unauthorized, it was invalid and constitutes plain error.
Despite its oral pronouncement, the court subsequently entered an "Order of Probation (Jail confinement)" on the day of sentencing. In that order, the court imposed a 5-year probation period and included incarceration for 180 days in the Sarpy County jail as a condition of the probation. Such a sentence is valid. See § 29-2260. If an oral pronouncement of sentence is invalid but the written judgment imposing sentence is valid, the written judgment is looked to and considered controlling. State v. Brauer , 16 Neb. App. 257, 743 N.W.2d 655 (2007). Because the written order is a valid sentence, we determine that Gibson was sentenced to probation that included 180 days' incarceration as a condition thereof.
Applicable Statutory Provisions.
The State assigns that "the sentence imposed was excessively lenient because the Court failed to appropriately apply ... § 29-2322." However, § 29-2322 sets forth the factors that an appellate court is to consider when reviewing a sentence alleged to be excessively lenient. Those factors include (1) the nature and circumstances of the offense; (2) the history and *565 characteristics of the defendant; (3) the need for the sentence imposed to afford deterrence; (4) the need for the sentence to protect the public from further crimes of the defendant; (5) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (6) the need for the sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (7) any other matters appearing in the record that the appellate court deems pertinent.
Section 29-2322 does not govern what factors the sentencing court is to consider, although many of the factors overlap. When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. State v. Carpenter , 293 Neb. 860, 880 N.W.2d 630 (2016).
In the context of this appeal in which the court sentenced Gibson to probation, the statute governing a sentencing court's decision to withhold incarceration is also implicated. Section 29-2260 states:
(2) Whenever a court considers sentence for an offender convicted of either a misdemeanor or a felony for which mandatory or mandatory minimum imprisonment is not specifically required, the court may withhold sentence of imprisonment unless, having regard to the nature and circumstances of the crime and the history, character, and condition of the offender, the court finds that imprisonment of the offender is necessary for protection of the public because:
(a) The risk is substantial that during the period of probation the offender will engage in additional criminal conduct;
*566 (b) The offender is in need of correctional treatment that can be provided most effectively by commitment to a correctional facility; or *167 (c) A lesser sentence will depreciate the seriousness of the offender's crime or promote disrespect for law.
(3) The following grounds, while not controlling the discretion of the court, shall be accorded weight in favor of withholding sentence of imprisonment:
(a) The crime neither caused nor threatened serious harm;
(b) The offender did not contemplate that his or her crime would cause or threaten serious harm;
(c) The offender acted under strong provocation;
(d) Substantial grounds were present tending to excuse or justify the crime, though failing to establish a defense;
(e) The victim of the crime induced or facilitated commission of the crime;
(f) The offender has compensated or will compensate the victim of his or her crime for the damage or injury the victim sustained;
(g) The offender has no history of prior delinquency or criminal activity and has led a law-abiding life for a substantial period of time before the commission of the crime;
(h) The crime was the result of circumstances unlikely to recur;
(i) The character and attitudes of the offender indicate that he or she is unlikely to commit another crime;
(j) The offender is likely to respond affirmatively to probationary treatment; and
(k) Imprisonment of the offender would entail excessive hardship to his or her dependents.
The question before us then becomes whether the sentencing court abused its discretion in imposing probation instead of sentencing Gibson to incarceration. See State v. Harrison , 255 Neb. 990, 588 N.W.2d 556 (1999).
*567 Adequacy of Sentence Imposed.
A Class II felony carries a possible sentence of 1 to 50 years' imprisonment, but no mandatory minimum is required, although Gibson was erroneously advised during the plea hearing that a mandatory minimum of 1 year existed. Because no mandatory minimum was required, a term of probation was a viable alternative, unless, having regard to the nature and circumstances of the crime and the history, character, and condition of Gibson, the court found imprisonment was necessary for protection of the public because Gibson was likely to reoffend, he was in need of correctional treatment most effectively provided through commitment to a correctional facility, or the seriousness of the crime would be depreciated by a lesser sentence. See § 29-2260(2).
The record supports the sentencing court's decision to impose probation in lieu of incarceration based upon Gibson's unlikelihood to reoffend and the availability of treatment; however, § 29-2260 requires an additional consideration, that being the nature of the crime and whether probation would depreciate its seriousness or promote a disrespect of the law.
It is clear from both the factual basis offered in support of the plea and the information contained within the PSI that E.L. was the victim of sex trafficking, as described by the State, with Stubblefield as her "pimp" and Gibson as one of her customers. The dissent attempts to diminish Gibson's culpability by describing the incident as "a case of a sexually active high school couple who made an irresponsible decision," but that description perpetuates the antiquated misperception that persons who are held out for sexual pleasure by third parties are not victims. And it disregards the conviction and sentence of Stubblefield for attempted human trafficking *168 that was recently summarily affirmed by this court on September 11, 2018, in case No. A-18-159.
As admitted to by Gibson, Gibson responded to a Craigslist posting made by Stubblefield, Gibson made all arrangements *568 through Stubblefield, Stubblefield was the one who directed E.L. to remove her clothing, and it was Stubblefield whom Gibson paid. The reality of the situation is that Gibson, age 40 at the time, engaged in first degree sexual assault of a child facilitated online, through a third party, and then sought leniency for having been mistaken as to her age. While we recognize the attributes of Gibson and his lack of a prior criminal history, the seriousness of the offense leads us to conclude that a term of probation depreciates the seriousness of the offense and promotes disrespect of the law.
As set forth above, the factors we consider in determining whether a sentence is excessively lenient include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to afford deterrence; (4) the need for the sentence to protect the public from further crimes of the defendant; (5) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (6) the need for the sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (7) any other matters appearing in the record that the appellate court deems pertinent. See § 29-2322.
Taking the above factors into consideration-particularly the nature and circumstances of the offense; the need to afford deterrence for this type of crime; and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment-we conclude that a term of probation was excessively lenient.
Consideration of Improper, Impermissible, and Irrelevant Factors.
The sentencing court's decision was based in part upon Stubblefield's involvement and culpability in the crime. The *569 State claims this was improper, and we agree. Before sentencing Gibson, the court stated:
I can hope that the system does what it is designed to do, and in my reading of the [PSI], it indicates to me that ... Stubblefield has, in large part, the majority of the responsibility, from the materials I've received. And my hope is that [E.L.] is given some sort of justice in that sentence, most significantly.
Nowhere in our statutes, nor in our case law, is a sentencing judge instructed to consider whether the victim will be "given some sort of justice" in the sentence of another wrongdoer when crafting a sentence for the particular defendant before the court. We recognize that where two or more defendants are convicted for the same offense and different penalties are inflicted, it is appropriate for an appellate court to examine the evidence to determine whether there are justifiable reasons for differences in sentences rendered. See State v. Morrow , 220 Neb. 247, 369 N.W.2d 89 (1985). However, Gibson is the sole defendant in this matter, and at the time of sentencing, there was no evidence presented regarding the nature of the charge against Stubblefield, whether he had been convicted or sentenced, or the nature of the sentence if one had been imposed.
The court's focus should have been on Gibson and his conviction for attempted first degree sexual assault of a *169 child, taking into consideration all the circumstances of this case. To issue a lesser sentence because another person may be more culpable detracts from the requirement that the sentencing court consider the nature and circumstances of the present crime and the characteristics of the offender before it. Consideration of whether E.L. will be "given some sort of justice" through the sentencing of Stubblefield was not an appropriate factor to consider and appears to have resulted in a more lenient sentence for Gibson. We find that the sentencing court abused its discretion when it considered this factor. *570 CONCLUSION
We conclude that the district court abused its discretion by imposing an excessively lenient sentence and considering an irrelevant factor when imposing sentence upon Gibson. We vacate the sentence and remand the cause to the district court with directions to impose a greater sentence. The sentence should be imposed by a different district court judge than the original sentencing judge.
SENTENCE VACATED, AND CAUSE REMANDED WITH DIRECTIONS .