IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. BITTER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

KLINT BITTER, APPELLANT.

Filed February 19, 2019.    No. A-18-551.

Appeal from the District Court for Sarpy County: STEFANIE A. MARTINEZ, Judge. Affirmed.

Stuart J. Dornan, of Dornan, Troia, Howard, Breitkreutz & Conway, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

MOORE, Chief Judge, and RIEDMANN and WELCH, Judges.

MOORE, Chief Judge.

### INTRODUCTION

Appellant, Klint Bitter, appeals from his plea-based conviction for attempted first degree sexual assault of a child. Bitter was sentenced to a term of 10 to 20 years' imprisonment. Bitter claims on appeal that the sentence imposed was excessive and that it was disparate to sentences received by others involved in the crime. Finding no abuse of discretion by the district court, we affirm.

### BACKGROUND

On October 27, 2017, Bitter was charged by information in the district court for Sarpy County with first degree sexual assault of a child, a Class IB felony. Pursuant to a plea agreement, Bitter subsequently pled guilty to an amended information charging him with attempted first

- 1 -

degree sexual assault of a child, a Class II felony. The factual basis given at the plea hearing shows that Bitter, who was 34 years old, had sexual intercourse with the victim, who was 15 years old at the time, in the back seat of Bitter's vehicle. Another male individual, Dearch Stubblefield, had made internet postings to arrange meetings for adult males to have sexual encounters with young females, to which Bitter had responded. Stubblefield brought the victim to meet Bitter and was also involved in the sexual encounter. The district court accepted Bitter's plea, finding that there was a factual basis given to support his plea and that Bitter's plea and waiver of rights was made knowingly, intelligently, and voluntarily.

Following the preparation of the Presentence Investigation Report (PSR), a sentencing hearing was held. The district court acknowledged receipt and review of the PSR and also received into the record for purposes of sentencing a sentencing memorandum from Bitter's counsel, several letters in support of Bitter, a report from a police detective, and several text messages between Bitter and another individual involved in the crime. The court sentenced Bitter to 10 to 20 years' imprisonment, with credit for 2 days previously served.

Bitter timely appeals.

## ASSIGNMENTS OF ERROR

Bitter assigns that the district court abused its discretion by (1) imposing an excessive sentence and (2) imposing a sentence on him which was impermissibly disparate from sentences for identical offenses.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within statutory limits absent an abuse of discretion by the trial court. *State v. Ortega*, 290 Neb. 172, 859 N.W.2d 305 (2015). See, also, *State v. Komor*, 213 Neb. 376, 329 N.W.2d 120 (1983) (reviewing allegation of impermissible disparity of sentence for abuse of discretion).

## ANALYSIS

*Excessive Sentence.*

Bitter was convicted of a Class II felony, which is punishable by a minimum sentence of 1 year's imprisonment and a maximum sentence of 50 years' imprisonment. Neb. Rev. Stat. § 28-105 (Supp. 2017). The sentence of 10 to 20 years' imprisonment was well within the statutory guidelines. Nevertheless, Bitter asserts that the district court abused its discretion in imposing sentence. Bitter argues that the district court relied on an incorrect factual assumption regarding Bitter's knowledge of the victim's true age, failed to give weight to the many mitigating factors, and the lengthy incarceration imposed does not serve the legitimate purpose of punishment.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Russell*, 299 Neb. 483, 908 N.W.2d 669 (2018). Relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the

amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Steele*, 300 Neb. 617, 915 N.W.2d 560 (2018).

The PSR shows that Bitter is married, with three minor children. He has a bachelor's degree and previously served as a youth pastor at a church in Omaha. Following this offense, he was employed at a construction and carpentry company. He has no prior criminal record, other than a couple of traffic infractions. Bitter suffers from Krohn's disease which requires regular medical treatment.

Bitter reported a history of exposure to pornography as a child, which led to frequent masturbation as a coping mechanism. Despite his self-described "faith conversion" as a teenager, he continued to view online pornography and engage in masturbation. Following his marriage, Bitter's addiction eventually led to sexual chatting on Craigslist, and eventually, seeking out sexual encounters with other individuals. On the STATIC 99 Revised Version test, Bitter scored in the average risk level for sexual reoffending; on the STABLE-2007 test, he scored in the moderate risk group to sexually recidivate. On the Vermont Assessment for Sex Offenders Risk (VASOR) test, Bitter was identified as a low risk for recidivism. The Level of Service/Case Management Inventory (LS/CMI) placed him at an overall very low risk to reoffend. Bitter has been diagnosed with Impulse-Control and Conduct Disorder. Since his arrest, he has been attending a sexual treatment and recovery program.

At the sentencing hearing, the district court specifically noted the mitigating factors present in the case, including Bitter's lack of criminal history, the low risk scoring on many of the testing apparatuses, the numerous letters of support, the evaluation, and his upfront efforts to rehabilitate himself. The court noted the reference to "the companion case", but found that there were aggravating circumstances in Bitter's case such as his position of trust as a youth minister in the community, his apparent knowledge of the age of the victim, and his prior training through his church on the effects of sex trafficking. The court concluded that placing Bitter on probation, as he requested, would promote disrespect of the law and depreciate the seriousness of the crime.

Upon our review of the record, we can find no abuse of discretion in the sentence imposed. Bitter received a favorable plea agreement, reducing the crime from a Class IB felony, with a corresponding mandatory minimum of 15 years, to a Class II felony. The district court clearly reviewed all of the required statutory factors in arriving at its sentence.

*Disparate Sentence.*

Bitter argues that the district court imposed a disparate sentence upon him in comparison to the criminal cases involving Stubblefield, who set up the encounter, and another man who had sexual relations with the same victim, apparently at a different time. Bitter previously filed a motion with this court to expand the record to include the bills of exceptions from the respective sentencing hearings of these two other defendants, which motion we overruled. Bitter now asks us to take judicial notice of the convictions and sentences imposed upon these individuals. We decline to do so. However, we note that since the submission of the briefs in this case, one of the individual's sentences were summarily affirmed (see *State v. Stubblefield*, No. A-18-159, case disposed of without opinion), and the other individual's sentence was reversed and is pending

before the Nebraska Supreme Court on a motion for further review (see *State v. Gibson*, 26 Neb. App. 559, 921 N.W.2d 161 (2018)).

The issue in reviewing a sentence is not whether someone else in a different case received a lesser sentence, but whether the defendant in the subject case received an appropriate one. *State v. Albers*, 276 Neb. 942, 758 N.W.2d 411 (2008). The mere fact that a defendant's sentence differs from those which have been imposed on coperpetrators in the same court does not, in and of itself, make the defendant's sentence an abuse of discretion; each defendant's life, character, and previous conduct may be considered in determining the propriety of the sentence. *State v. Vance*, 240 Neb. 794, 484 N.W.2d 453 (1992). See, also, *State v. Morrow*, 220 Neb. 247, 369 N.W.2d 89 (1985) (where it is apparent that lesser sentence imposed upon codefendant is erroneous, sentencing court is not required to reduce all more severe though properly imposed sentences just to obtain uniformity).

Even assuming that Bitter received a different sentence than these other individuals, such does not necessarily constitute an abuse of discretion. Here, the court properly examined the circumstances of Bitter's life and rendered an appropriate sentence. This assignment of error is without merit.

## CONCLUSION

Finding no abuse of discretion in the sentence imposed, we affirm.

AFFIRMED.