IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. COATES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

NICHOLAS A. COATES, APPELLANT.

Filed September 7, 2021.    No. A-21-098.

Appeal from the District Court for Lancaster County: KEVIN R. MCMANAMAN, Judge. Affirmed.

Timothy S. Noerrlinger for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.

PIRTLE, Chief Judge, and MOORE and BISHOP, Judges.

BISHOP, Judge.

## I. INTRODUCTION

Nicholas A. Coates pled no contest to one count of attempted first degree sexual assault. The Lancaster County District Court sentenced him to 8 to 10 years' imprisonment. On appeal, Coates claims his sentence is excessive and that he received ineffective assistance of counsel. We affirm.

## II. BACKGROUND

On February 13, 2020, the State filed an information charging Coates with one count of child enticement with an electronic communication device, a Class ID felony, in violation of Neb. Rev. Stat. § 28-320.02 (Reissue 2016) and one count of possession of a controlled substance, a Class IV felony, in violation of Neb. Rev. Stat. § 28-416(3) (Cum. Supp. 2018). Coates pled not guilty to these charges.

- 1 -

Pursuant to a plea agreement, the State filed an amended information on August 14, 2020, charging Coates with one count of attempted first degree sexual assault, a Class IIA felony, in violation of Neb. Rev. Stat. §§ 28-201 and 28-319(1)(c) (Reissue 2016). At a hearing held on September 22, Coates pled no contest to the amended information. According to the factual basis provided by the State:

On or about November 18th, [2019], officers with the Lincoln Police Department responded to a call for service in which a mother was checking her fourteen-year-old daughter's cell phone. In doing so, the mother discovered that several adult males were sending her daughter . . . photos of themselves in attempting to get the fourteen-year-old to have sexual intercourse with them. On November 20th, 2019, the mother turned the cell phone over to law enforcement. The mother provided consent for officers to conduct a forensic [examination] of the phone and verbal consent for [a sergeant] with the Lincoln Police Department to take over and assume the social media accounts which the individuals had been contacting this female on. The female's initials being AM with the date of birth May . . . 2005.

The law enforcement officers located a conversation that had been occurring on or about November 13th, 2019, with an individual later identified as Nicholas Coates, the defendant before the Court, who has a date of birth of February . . . 1984. That conversation began on November 13th and by November 15th, the defendant was requesting to have sex with the fourteen year old, more specifically the female had indicated that she was in her menstrual cycle to which Coates offered that he could insert his fingers inside of her, perform oral sex on her, and even have intercourse with her. On November 21st, 2019, [the sergeant] took over the communication with the defendant. In doing so, [the sergeant] notified the defendant that the person he'd been talking with was only fourteen years old and that they did not need to meet up if he was uncomfortable with that. The defendant's response was that he did not want to know her age and began asking the fourteen-year-old if she could sneak out of the house, as he was in Lincoln and his penis was hard as a rock. And arrangements were made and while [the sergeant] was interacting with the defendant . . . [he] explained that he was worried about getting caught and in trouble if someone caught them together. The defendant offered that he would tell others that the fourteen-year-old was friends with his niece and that he was taking the fourteen-year-old to her home. The defendant then offered that he could get condoms and that he would be delicate. He also informed who he believed to be a fourteen-year-old at that time that her and his penis were going to get acquainted. They then arranged to meet up. Law enforcement followed him to a [a drug store] where he went in, purchased some items[,] and . . . was later contacted at a prearranged meeting location. He was taken into custody by officers. At that time a search was done on his vehicle. Inside the vehicle in the glovebox officers located a vibrating sex toy and a new box of condoms, which were confirmed to have just been purchased at the [drugstore] where law enforcement had observed the defendant. Other items were also located in the vehicle.

All those events occurred in Lancaster County, Nebraska.

The district court accepted Coates' plea of no contest and found him guilty of attempted first degree sexual assault. The case was then set for sentencing.

At a sentencing hearing held "via Zoom" on January 5, 2021, the district court sentenced Coates by oral pronouncement to 8 to 10 years' imprisonment, with credit for 342 days already served. The court entered a sentencing order consistent with its oral pronouncement that same day. Coates then appealed.

### III. ASSIGNMENTS OF ERROR

Coates claims on appeal that his sentence was excessive. He also claims that his trial counsel was ineffective in failing to depose the victim in this case and in failing to file a motion to obtain a psychosexual evaluation and a substance abuse evaluation prior to sentencing.

### IV. STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020). Abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

### V. ANALYSIS

#### 1. EXCESSIVE SENTENCE

Coates was convicted of one count of attempted first degree assault, a Class IIA felony, pursuant to §§ 28-201 and 28-319(1)(c). A Class IIA felony is punishable by a maximum of 20 years' imprisonment; there is no minimum term of imprisonment. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2020). Coates was sentenced to 8 to 10 years' imprisonment; therefore his sentence was within the statutory range.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the crime. *State v. Lierman, supra*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Coates was 36 years old at the time of sentencing. He has some juvenile history which we will not recount here. His adult criminal history includes: minor in possession of alcohol in 2003 for which he was sentenced to 1 day in jail; possession of 1 ounce or less of marijuana and possession of drug paraphernalia in 2006 for which he was issued two separate fines of $100; two counts of violating a protection order in 2009 for which he was fined $500 for the first count and

- 3 -

placed on house arrest for 30 days for the second; disturbing the peace in 2010 for which he was sentenced to 90 days in jail; possession of drug paraphernalia in 2010 for which he was fined $100; disturbing the peace in 2014 for which he was fined $250; three charges in 2015 resulting in concurrent sentences, namely: negligent child abuse for which he was sentenced to 145 days in jail, third degree domestic assault for which he was sentenced to 145 days in jail, and disturbing the peace for which he was sentenced to 90 days in jail; and third degree domestic assault in 2018 for which he was sentenced to 63 days in jail. His record also includes multiple convictions for traffic offenses, including driving under the influence and driving during revocation.

The probation officer conducted a "Level of Service/Case Management Inventory" and assessed Coates as having a "very high risk" to reoffend. The presentence investigation report indicated that Coates scored "very high risk" in the criminogenic risk factor domains for alcohol/drug problem and antisocial pattern. He scored "high risk" in the domains for criminal history, leisure/recreation, and companions. He scored "medium risk" in the domains for education/employment, family/marital, and procriminal attitude/orientation. The presentence investigation report also provided that Coates scored as a "moderate low risk" to reoffend on the "Vermont Assessment of Sex Offender Risk-2" and further indicated that Coates disclosed a history of being subjected to sexual abuse as a child by three individuals that he identified during the interview.

At the sentencing hearing, Coates' counsel stated that a defendant convicted in a separate case involving A.M. had been sentenced to 15 to 30 months' imprisonment, and counsel noted that, unlike that other defendant, Coates had not sent "nude photos" of himself to A.M. Counsel further argued that there was an "apparent lack of impact on the victim in this case" based on law enforcement's recorded interviews with A.M. and counsel's observation "that the most vulgar comments" made by Coates were made while he "believe[d] he was speaking to the victim" but "was in actuality speaking with the police." Counsel also emphasized that Coates "was under the influence of meth and other substances during the period prior to and during this incident." Counsel additionally claimed that the record did not contain other "material which would lead one to believe [he] had an interest sexually in minors" and highlighted that Coates was seeking to take advantage of rehabilitative programming during his incarceration. Counsel asked the district court to sentence Coates to "time served" or "a period of probation that would allow his immediate release."

Coates personally addressed the district court, expressing that his actions "were reprehensible and inexcusable." He described that his childhood "was normal on the surface" but "clouded by a whirlwind of [sexual] abuse, an absent father, alcohol, and addiction." He further described that his abusers "were never found out" and that he had never healed from that history of abuse. He stated that "[h]ad [he] known her true age, [he] absolutely would not have pursued [A.M.] in any capacity." Coates stated that he "fully accept[ed] responsibility" for his actions and expressed remorse for the harm caused by his actions.

In its response, the State addressed the argument concerning the sentence imposed on another defendant who had engaged in sexual communication with A.M., stating that defendant "was a younger individual" who did not "have a criminal history." The State highlighted Coates' criminal history and course of conduct in communicating with A.M. and in taking substantial steps to meet with her for the purpose of sexual intercourse, noting that such conduct occurred despite

law enforcement "identif[ying] themselves as a fourteen-year-old female" after taking control of A.M.'s social media.

The district court stated that it had considered the relevant sentencing factors, the information contained in the presentence investigation report, and Coates' disclosures and expressions of remorse during the sentencing hearing. The court further described Coates' decisions and actions leading to his arrest, noting Coates' own description of his conduct. The court, "having regard for the nature and circumstances of the crimes and the history, character, and condition of the defendant" and finding imprisonment of Coates to be "necessary for the protection of the public," sentenced Coates as set forth previously, concluding that a lesser sentence would depreciate the seriousness of the offense and promote disrespect for the law.

In his brief on appeal, Coates argues that the "district court failed to give proper weight and consideration" to his "willingness to enter a plea of no contest, the sentence imposed by the same district court on a similarly situated offender," and his desire "for treatment." Brief for appellant at 13. He also asserts that the district court failed to give proper weight and consideration to the factors set forth in Neb. Rev. Stat. § 29-2260(3) (Reissue 2016) that weigh in favor of withholding a sentence of imprisonment.

We first observe that, other than the references by the State and Coates' counsel during sentencing, our record does not contain details about the other case referenced on appeal. However, even if those details were part of the record, such information is not relevant to our review of Coates' sentence. The Nebraska Supreme Court has stated that in an appeal not involving a death sentence, "'the issue in reviewing a sentence is not whether someone else in a different case received a lesser sentence, but whether the defendant in the subject case received an appropriate one.'" *State v. Albers*, 276 Neb. 942, 953, 758 N.W.2d 411, 418 (2008), quoting *State v. Phillips*, 242 Neb. 849, 496 N.W.2d 874 (1993). As such, we decline to consider the facts and disposition of the other case referenced by Coates on appeal in our evaluation of Coates' sentence.

Having considered the record and the relevant factors in this case, we cannot say that the district court abused its discretion in sentencing Coates. His sentence is therefore affirmed. See *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020) (sentence imposed within statutory limits will not be disturbed on appeal absent abuse of discretion by trial court).

2. INEFFECTIVE ASSISTANCE OF COUNSEL

Generally, a voluntary guilty plea or plea of no contest waives all defenses to a criminal charge. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). Thus, when a defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *Id.*

Coates claims his trial counsel was ineffective. He is represented on direct appeal by different counsel than the initial and replacement trial counsel. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v. Lierman, supra.* Once raised, the appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *Id.* A record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be

justified as a part of any plausible trial strategy. *State v. Theisen*, 306 Neb. 591, 946 N.W.2d 677 (2020).

In order to know whether the record is insufficient to address assertions on direct appeal that trial counsel was ineffective, appellate counsel must assign and argue deficiency with enough particularity (1) for an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) for a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court. *State v. Lierman, supra*. When a claim of ineffective assistance of trial counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id.*

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Blaha, supra*. To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Id.* When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id.* The two prongs of the ineffective assistance of counsel test under *Strickland* may be addressed in either order. *State v. Blaha, supra.*

With these governing principles in mind, we turn now to address Coates' claims that his trial counsel was ineffective in not deposing A.M. prior to his no contest plea and in failing to request psychosexual and substance abuse evaluations prior to sentencing.

(a) Failure to Depose Victim

Coates claims that he had "advised trial counsel, well in advance of trial, that he wanted to have A.M. deposed prior to trial or plea," but "[n]o deposition of A.M. was done by his original trial counsel or replacement trial counsel." Brief for appellant at 16. He states that "A.M. was interviewed by Law Enforcement after her mother contacted them" and "by the Child Advocacy Center" during law enforcement's investigation, and he further describes that he "was aware of the statements made by A.M. during the course of the investigation." *Id.* Coates argues that the failure of his initial and replacement trial counsel to depose A.M. "was material to both plea negotiations and for sentencing" because A.M. was not "questioned in depth about how she first began to communicate with" Coates or about "her willingness to engage in conversations" with Coates. *Id.*

However, how A.M. and Coates began to communicate and A.M.'s willingness to continue that communication are not relevant considerations to the essential elements for attempted first degree sexual assault under §§ 28-201 and 28-319(1)(c). See *State v. Campbell*, 239 Neb. 14, 473 N.W.2d 420 (1991) (consent or reasonable mistake as to age of victim is not defense to first degree sexual assault on child under § 28-319(1)(c)). We also note that the presentence investigation report contained police reports summarizing law enforcement's interviews with A.M. in which she described how she began and continued to communicate with Coates and other individuals until

her mother turned control of her social media over to law enforcement. The report also included the communications between A.M. and Coates that occurred prior to law enforcement's involvement.

Therefore, as noted by the State, there was "no dispute that A.M. voluntarily exchanged messages of a sexual nature with Coates prior to law enforcement involvement, so a deposition to further establish this fact would not have provided any benefit." Brief for appellee at 20. Further, there is "no assertion in Coates' argument of how a deposition of A.M. on this issue would have resulted in any mitigating information not already contained within the record, nor does [Coates] even suggest what A.M. would have said that would have been further mitigating for purposes of trial or sentencing." *Id*. We agree.

We conclude that Coates' assertion does not establish deficient conduct by his trial counsel, but even if it did, he would be unable to show any prejudice. Coates was specifically asked by the district court if he had gone over with his attorney all of the facts and possible defenses that he might have. Coates responded, "Extensively." And as noted above, how A.M. and Coates began to communicate and her willingness to continue that communication are not relevant considerations to the essential elements for attempted first degree sexual assault, so obtaining a deposition for that purpose, in addition to the record already made, would not have produced any evidence to create a reasonable probability that Coates would have insisted on proceeding to trial rather than entering a plea. This claim of ineffective assistance of counsel fails.

(b) Failure to Obtain Evaluations

Coates further claims that his trial counsel was ineffective in failing to file a motion for Coates to undergo psychosexual and substance abuse evaluations prior to sentencing. We first note that Coates assigned as error that trial counsel was ineffective in failing "to file a motion to obtain a psycho-sexual evaluation and substance abuse evaluation prior to sentencing for mitigation purposes." Brief for appellant at 3. However, Coates only argues in the body of his brief that trial counsel was ineffective in failing "to have him evaluated by a psychologist for a psycho-sexual evaluation." *Id.* at 17. He does not specifically argue that his trial counsel was ineffective in failing to obtain a substance abuse evaluation. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Sundquist*, 301 Neb. 1006, 921 N.W.2d 131 (2019). As a result, we only consider this error to the extent that Coates argues that his trial counsel was ineffective in failing to seek a psychosexual evaluation.

Coates claims that he had "advised his trial counsel, well in advance of sentencing, that he was a child victim of sexual assault" and that no psychosexual evaluation was requested before sentencing. Brief for appellant at 17. He argues that the results of such an evaluation could have been used "for mitigation purposes" and the lack of any evaluation "deprived him of material information" that would have assisted his argument for a lesser sentence. *Id.*

As previously noted, Coates stated during the sentencing hearing that he had experienced sexual abuse as a child and that he was still significantly impacted by that abuse. The presentence investigation report also described that during his interview with the probation officer, Coates disclosed that he was sexually abused as a child by three individuals and further provided substantial details regarding that history. Thus, Coates' history of being sexually abused was

known to the district court at the time of sentencing. He further does not describe how the information from a psychosexual evaluation would have differed from that disclosed during the sentencing hearing and contained in the presentence investigation report. Given that Coates' history of being sexually abused was in the record and known to the district court at sentencing, we conclude that Coates cannot show prejudice on this matter. See *State v. Casares*, 291 Neb. 150, 864 N.W.2d 667 (2015) (trial counsel was not ineffective in failing to arrange for defendant to have separate drug and alcohol evaluation conducted for presentence investigation; presentence investigation report was extensive and included sections addressing defendant's use of alcohol and drugs and prior treatment and any information obtained from additional evaluation would have been cumulative). This claim of ineffective assistance of trial counsel also fails.

## VI. CONCLUSION

For the reasons set forth above, we affirm Coates' sentence. In addition, we conclude the record is sufficient to address and reject Coates' claims of ineffective assistance of trial counsel.

AFFIRMED.